LEAR, Judge.
Defendants-appellees, Terrebonne Lumber Company and Hill-Behan Lumber Company, have filed in these proceedings motions to dismiss the appeal filed by plaintiff-appellant, Irvin Scott, for failure of appellant to file its brief timely.[1] Briefly, the record reflects the following transactions and dates:
Record lodged April 11,1980
Appellant’s brief due May 6,1980
Appellant’s brief received August 18,1980
Appellant’s brief returned August 18,1980
Submission of case to panel August 20,1980
Appellant’s brief refiled August 21,1980
An examination of the record shows that appellant’s brief was first received timely by the clerk’s office and stamped August 18, 1980, two days prior to the time argument was due thereon before the three judge panel.
The clerk, however, noting that a syllabus and certificate had been omitted,[2] returned *1250 the brief without filing. Thereafter, appellant added the required portions and returned the brief which was received on August 21, 1980, one day afterwards.
We have reviewed the motions to dismiss and the record herein. We do not believe under the particular circumstances of this case that appellant should have his cause dismissed, as certainly the letter and spirit of the law as well as the policy of this court favor maintaining the right of appeal.
Appellees’ motions to dismiss are, therefore, denied.
DENIED.

. UNIFORM RULES — COURTS OF APPEAL
Rule VII, Section 5. The court may, ex pro-prio motu:
(b) Consider abandoned and dismiss the appeal in any case in which the appellant has neither appeared nor filed a brief prior to the time the case is called for oral argument, or the time the case is submitted without oral argument on the docket of the court.
By “appearance” is meant personal appearance in open court, or the filing of a written instrument negating any intent to abandon the appeal, or the filing of a written pleading; [and] (Emphasis ours.)

. UNIFORM RULES — COURTS OF APPEAL
Rule IX, Section 7:
In all circuits, briefs shall be accompanied by a certificate to the effect that a copy thereof has been delivered or mailed to opposing counsel or the opposing litigant(s) if not represented by counsel.